1
2
3
4
5
6

**DECHERT LLP**
Jonathan Tam (SBN 304143)
jonathan.tam@dechert.com
One Bush Street, Suite 1600
San Francisco, CA 94104
Telephone: (415) 262-4500
Facsimile:  (415) 262-4555

*Attorney for Defendant Pfizer Inc.*

7

## UNITED STATES DISTRICT COURT

8

### EASTERN DISTRICT OF CALIFORNIA

9
10
11
12
13
14
15
16

| | |
|---|---|
| DAVID L. HOLCOMB, SR.,<br><br>            Plaintiff,<br><br>v.<br><br>PFIZER INC.; and DOES 1-100,<br>INCLUSIVE<br><br>            Defendants. | Case No._____<br><br><br>**DEFENDANT PFIZER INC.'S NOTICE OF REMOVAL**<br><br>Complaint Filed:  April 27, 2020 |

17
18
19
20

        Pursuant to 28 U.S.C. §§ 1332, 1441, and 1446, Defendant Pfizer Inc. hereby gives notice of removal of the action *Holcomb v. Pfizer Inc.*, No. CV-20-002190, from the Superior Court of Stanislaus County, California, to the United States District Court for the Eastern District of California.  In support thereof, Pfizer alleges the following:

21

### BACKGROUND

22
23
24

        1.      Plaintiff David L. Holcomb, Sr. alleges that he developed rhabdomyolysis and other conditions as a result of his use of Lipitor, an FDA-approved cholesterol-lowering prescription medication manufactured by Pfizer.  (Compl. ¶¶ 2–3.)

25
26

        2.      On July 16, 2020, Plaintiff filed a Complaint in the Superior Court of Stanislaus County, California, against Pfizer and Does 1 through 100.

27
28

        3.      Plaintiff asserts four causes of action:  (1) negligence; (2) breach of express warranty; (3) breach of implied warranty; and (4) strict liability. (*Id.* ¶¶ 22–53.)

4. Plaintiff seeks compensatory damages for past medical expenses, future medical monitoring, lost wages, pain and suffering, and emotional distress, as well as punitive damages, interest, disgorgement, and costs. (*Id.* at p. 10.)

5. Pursuant to 28 U.S.C. § 1446(a), a copy of all pleadings are attached hereto as **Exhibit 1**, and a true and complete copy of the state court docket and all documents filed in the state court action (other than the Complaint) are attached hereto as **Exhibit 2**.

### THE COURT HAS SUBJECT MATTER JURISDICTION

6. This Court has subject matter jurisdiction under 28 U.S.C. § 1332 because: (1) the properly-joined Parties are diverse; and (2) the amount in controversy exceeds $75,000, exclusive of interest and costs.

**I.     The Parties Are Completely Diverse**

7. Pfizer is incorporated in Delaware with its principal place of business in New York, and is therefore a citizen of Delaware and New York. (Compl. ¶ 2); *see also* 28 U.S.C. § 1332(c)(1); *Hertz Corp. v. Friend*, 559 U.S. 77, 93 (2010).

8. The citizenship of the Doe Defendants must be disregarded for the purposes of determining diversity. 28 U.S.C. § 1441(b)(1).

9. As alleged, Plaintiff is a citizen of California. (Compl. ¶ 2.)

10. Accordingly, the parties are completely diverse.

**II.    The Amount in Controversy Exceeds $75,000**

11. The amount in controversy in each action exceeds $75,000. *See* 28 U.S.C. § 1332(a).[1] "[A] defendant's notice of removal need include only a plausible allegation that the amount in controversy exceeds the jurisdictional threshold." *Dart Cherokee Basin Operating Co., LLC v. Owens*, 135 S. Ct. 547, 554 (2014). "[W]hen a defendant seeks federal-court adjudication, the defendant's amount-in-controversy allegation

---

[1]     Pfizer specifically denies that Plaintiffs are entitled to recover any damages.

DECHERT LLP
One Bush Street, Suite 1600
San Francisco, CALIFORNIA 94104
TEL.: (415) 262-4500 – FAX: (415) 262-4555

should be accepted when not contested by the plaintiff or questioned by the court." *Id.* at 553. In determining whether the amount in controversy is satisfied, the Court may consider compensatory and statutory damages, as well as punitive damages. *See Campbell v. Hartford Life Ins. Co.*, 825 F. Supp. 2d 1005, 1008–09 (E.D. Cal. 2011); *In re Gen. Motors LLC Ignition Switch Litig.*, 2015 WL 2130904, at *3 (S.D.N.Y. 2015) ("Punitive damages, if permitted under controlling law, do count toward the amount in controversy for purposes of diversity." (internal quotation marks and citation omitted)).

12.   Where, as here, a plaintiff alleges serious bodily injuries, courts have readily found that the amount in controversy exceeds $75,000. *See, e.g., Moor v. CVS Health Corp.*, No. 17-888, 2017 WL 2999021, at *2 (C.D. Cal. July 14, 2017) (holding that amount-in-controversy requirement met where plaintiff alleged "seeks damages for both mental and physical pain resulting from emergency care and treatment, and multiple hospital stays after her initial diagnosis"); *In re General Motors LLC Ignition Switch Litig.*, 2015 WL 2130904, at *1–2 (S.D.N.Y. May 6, 2015) (amount-in-controversy requirement met where complaint alleged present and future medical expenses for "permanently disabling injuries," lost earnings, non-economic damages, and punitive damages); *Zido v. Werner Enterprises, Inc.*, 498 F. Supp. 2d 512, 513–14 & n.3 (N.D.N.Y. 2006) (amount-in-controversy requirement met where plaintiff alleged "serious injury" from accident and sought to recover non-economic losses from personal injury and loss of consortium and economic losses from medical expenses and other costs); *Campbell v. Bridgestone/Firestone, Inc.*, No. CIV051499FVSDLB, 2006 WL 707291, at *2–3 (E.D. Cal. Mar. 17, 2006) (amount-in-controversy requirement met where plaintiff alleged "pain in chest, back, possible fractured collarbone and both arms possibly broken"); *In re Rezulin Prods. Liab. Litig.*, 133 F. Supp. 2d 272, 296 (S.D.N.Y. 2001) (amount-in-controversy requirement met where, *inter alia*, complaint alleged economic loss, including loss of earnings, medical expenses, and "serious and life-threatening medical conditions").

DECHERT LLP
One Bush Street, Suite 1600
San Francisco, CALIFORNIA 94104
TEL.: (415) 262-4500 – FAX: (415) 262-4555

1
2
3
4
5
6
7
8
9
10
11
12
13
14
15
16
17
18
19
20
21
22
23
24
25
26
27
28

DECHERT LLP

One Bush Street, Suite 1600
San Francisco, CALIFORNIA 94104
TEL.: (415) 262-4500 – FAX: (415) 262-4555

13.     Plaintiff alleges that Lipitor caused him to develop injuries to his gallbladder, rhabdomyolysis, and paralysis (Compl. ¶¶ 12–16), and that "[a]s a direct and proximate result . . . Plaintiff has suffered and continue[s] to suffer both injuries and damages, including but not limited to past, present and future paint and suffering, disability, disfigurement, [and] expenses for medical, hospital, monitoring, rehabilitative and pharmaceutical costs."  (*Id.* ¶ 21.)  In addition to compensatory damages, Plaintiff also seeks punitive damages.  (*Id.* at p. 10.)

14.     Accordingly, pursuant to the authorities above, the amount in controversy exceeds $75,000 exclusive of interest and costs.

## PFIZER HAS SATISFIED PROCEDURAL REQUIREMENTS FOR REMOVAL

15.     Pfizer was served with the Summons and Complaint on July 17, 2020. Accordingly, this Notice is timely filed pursuant to 28 U.S.C. § 1446(b).

16.     Because Pfizer is the only Defendant who has not been sued under a fictitious name, all Defendants who have been properly joined and served consent to removal, pursuant to 28 U.S.C. § 1446(b)(2)(A).  *See Baker v. Wells Fargo Bank, N.A.*, No. 16-1943, 2017 WL 1353749, at *4 (E.D. Cal. Apr. 12, 2017) ("The consent of [unknown or fictitious] defendants . . . was not required, by the plain language of the removal statute." (citing *Tatevossian v. Wells Fargo Bank*, No. , 2016 WL 4367235, at *3 (C.D. Cal. Aug. 12, 2016))).

17.     Removal is proper under 28 U.S.C. § 1446(a) because this action is being removed to the district court of the United States for the district and division within which this action is pending.

18.     Pfizer will promptly file a true and correct copy of this Notice of Removal with the clerk of the Superior Court of Stanislaus County, and serve Plaintiff's Counsel and all Parties who have appeared in the state court action with a true and correct copy of this Notice of Removal, in accordance with 28 U.S.C. § 1446(d).

1    19.    By filing this Notice of Removal, Pfizer does not waive or forfeit any

2 defense that may be available to it and reserves all such defenses.

3    20.    Pfizer reserves its right to amend or supplement this Notice of Removal.

4    If any question arises as to the propriety of the removal to this Court, Pfizer

5 requests the opportunity to present legal briefing and oral argument in support of its

6 position that this case has been properly removed.

7    WHEREFORE, Pfizer notices the removal of this case to the United States

8 District Court for the Eastern District of California, pursuant to 28 U.S.C. §§ 1332,

9 1441, and 1446.

10

11 Dated: July 21, 2020               Respectfully submitted,

12                                 **DECHERT LLP**

13

14                           By: */s/ Jonathan Tam*

15                                Jonathan Tam

16                           *Attorney for Defendant Pfizer Inc.*

17

18

19

20

21

22

23

24

25

26

27

28

**DECHERT LLP**
One Bush Street, Suite 1600
San Francisco, CALIFORNIA 94104
TEL.: (415) 262-4500 – FAX: (415) 262-4555

# EXHIBIT 1

**CT Corporation**

TO:     MONIQUE OBUDULU
        Pfizer Inc.
        235 EAST 42ND STREET, MAIL STOP 235/26/3
        NEW YORK, NY 10017-5703

RE:     **Process Served in California**

FOR:    Pfizer Inc.  (Domestic State: DE)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| TITLE OF ACTION: | David L. Holcomb, Pltf. vs. Pfizer, Inc., et al., Dfts.<br>*Name discrepancy noted.* |
| DOCUMENT(S) SERVED: | Summons, Complaint, Notice(s), Proof of Service, Coversheet, Instructions, Attachment(s) |
| COURT/AGENCY: | Stanislaus County - Superior Court - Modesto, CA<br>Case # CV20002190 |
| NATURE OF ACTION: | Product Liability Litigation - Drug Litigation - Lipitor |
| ON WHOM PROCESS WAS SERVED: | C T Corporation System, Los Angeles, CA |
| DATE AND HOUR OF SERVICE: | By Process Server on 07/16/2020 at 11:07 |
| JURISDICTION SERVED : | California |
| APPEARANCE OR ANSWER DUE: | Within 30 days after service (Document(s) may contain additional answer dates) |
| ATTORNEY(S) / SENDER(S): | Dustin J. Dyer<br>DYER LAW FIRM<br>5250 Claremont Ave., Suite 119<br>Stockton, CA 95207<br>(209) 472-3668 |
| ACTION ITEMS: | CT has retained the current log, Retain Date: 07/17/2020, Expected Purge Date: 08/16/2020 |

Image SOP

Email Notification,  MONIQUE OBUDULU  monique.obudulu@pfizer.com

Email Notification,  Denise Schoepflin  Denise.Schoepflin@Pfizer.com

Email Notification,  Daniel Ferrer  Daniel.Ferrer@Pfizer.com

Email Notification,  Suchan Kim  suchan.kim@dechert.com

Email Notification,  Mara Gonzalez  maracusker.gonzalez@dechert.com

Email Notification,  MONIQUE OBUDULU  monique.obudulu@pfizer.com

Email Notification,  Lance Arnott  SOPVerification@wolterskluwer.com

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CT Corporation

**Service of Process
Transmittal**
07/16/2020
CT Log Number 537953390

**TO:**   MONIQUE OBUDULU
Pfizer Inc.
235 EAST 42ND STREET, MAIL STOP 235/26/3
NEW YORK, NY 10017-5703

**RE:**   **Process Served in California**

**FOR:**   Pfizer Inc.  (Domestic State: DE)

**SIGNED:**   C T Corporation System
**ADDRESS:**   155 Federal St Ste 700
Boston, MA 02110-1727

**For Questions:**   800-448-5350
MajorAccountTeam1@wolterskluwer.com

Page 2 of  2 / BK

Information displayed on this transmittal is for CT
Corporation's record keeping purposes only and is provided to
the recipient for quick reference. This information does not
constitute a legal opinion as to the nature of action, the
amount of damages, the answer date, or any information
contained in the documents themselves. Recipient is
responsible for interpreting said documents and for taking
appropriate action. Signatures on certified mail receipts
confirm receipt of package only, not contents.



# PROCESS SERVER DELIVERY DETAILS

**Date:**              Thu, Jul 16, 2020

**Server Name:**       Douglas Forrest

**Location:**          Los Angeles, CA-LA

| Entity Served | PFIZER INC. |
|---|---|
| Agent Name | C T CORPORATION SYSTEM |
| Case Number | CV20002190 |
| Jurisdiction | CA-LA |



*7/16/(e  e*
*?a*

**SUM-100**

# SUMMONS
## *(CITACION JUDICIAL)*

| | |
|---|---|
| **NOTICE TO DEFENDANT:**<br>*(AVISO AL DEMANDADO):*<br>PFIZER, INC. AND DOES 1-100, INCLUSIVE<br><br>**YOU ARE BEING SUED BY PLAINTIFF:**<br>*(LO ESTÁ DEMANDANDO EL DEMANDANTE):*<br><br>DAVID L. HOLCOMB | *FOR COURT USE ONLY*<br>*(SOLO PARA USO DE LA CORTE)*<br><br>Electronically Filed<br>4/27/2020 3:18 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Joshua Teixeira, Deputy |

**NOTICE!** You have been sued. The court may decide against you without your being heard unless you respond within 30 days. Read the information below.

You have 30 CALENDAR DAYS after this summons and legal papers are served on you to file a written response at this court and have a copy served on the plaintiff. A letter or phone call will not protect you. Your written response must be in proper legal form if you want the court to hear your case. There may be a court form that you can use for your response. You can find these court forms and more information at the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), your county law library, or the courthouse nearest you. If you cannot pay the filing fee, ask the court clerk for a fee waiver form. If you do not file your response on time, you may lose the case by default, and your wages, money, and property may be taken without further warning from the court.

There are other legal requirements. You may want to call an attorney right away. If you do not know an attorney, you may want to call an attorney referral service. If you cannot afford an attorney, you may be eligible for free legal services from a nonprofit legal services program. You can locate these nonprofit groups at the California Legal Services Web site (www.lawhelpcalifornia.org), the California Courts Online Self-Help Center (www.courtinfo.ca.gov/selfhelp), or by contacting your local court or county bar association. NOTE: The court has a statutory lien for waived fees and costs on any settlement or arbitration award of $10,000 or more in a civil case. The court's lien must be paid before the court will dismiss the case.

*¡AVISO! Lo han demandado. Si no responde dentro de 30 días, la corte puede decidir en su contra sin escuchar su versión. Lea la información a continuación.*

*Tiene 30 DÍAS DE CALENDARIO después de que le entreguen esta citación y papeles legales para presentar una respuesta por escrito en esta corte y hacer que se entregue una copia al demandante. Una carta o una llamada telefónica no lo protegen. Su respuesta por escrito tiene que estar en formato legal correcto si desea que procesen su caso en la corte. Es posible que haya un formulario que usted pueda usar para su respuesta. Puede encontrar estos formularios de la corte y más información en el Centro de Ayuda de las Cortes de California (www.sucorte.ca.gov), en la biblioteca de leyes de su condado o en la corte que le quede más cerca. Si no puede pagar la cuota de presentación, pida al secretario de la corte que le dé un formulario de exención de pago de cuotas. Si no presenta su respuesta a tiempo, puede perder el caso por incumplimiento y la corte le podrá quitar su sueldo, dinero y bienes sin más advertencia.*

*Hay otros requisitos legales. Es recomendable que llame a un abogado inmediatamente. Si no conoce a un abogado, puede llamar a un servicio de remisión a abogados. Si no puede pagar a un abogado, es posible que cumpla con los requisitos para obtener servicios legales gratuitos de un programa de servicios legales sin fines de lucro. Puede encontrar estos grupos sin fines de lucro en el sitio web de California Legal Services, (www.lawhelpcalifornia.org), en el Centro de Ayuda de las Cortes de California, (www.sucorte.ca.gov) o poniéndose en contacto con la corte o el colegio de abogados locales. AVISO: Por ley, la corte tiene derecho a reclamar las cuotas y los costos exentos por imponer un gravamen sobre cualquier recuperación de $10,000 ó más de valor recibida mediante un acuerdo o una concesión de arbitraje en un caso de derecho civil. Tiene que pagar el gravamen de la corte antes de que la corte pueda desechar el caso.*

| The name and address of the court is:<br>*(El nombre y dirección de la corte es):* SUPERIOR COURT OF STANISLAUS COUNTY<br>801 10TH ST. 4TH FLOOR<br>MODESTO, CA 95354 | CASE NUMBER: *(Número del Caso):*<br>**CV-20-002190** |
|---|---|

The name, address, and telephone number of plaintiff's attorney, or plaintiff without an attorney, is: *(El nombre, la dirección y el número de teléfono del abogado del demandante, o del demandante que no tiene abogado, es):*
DUSTIN J. DYER 5250 CLAREMONT AVE. STE. 119 STOCKTON, CA 95207 (209) 472-3668

| DATE: | 4/27/2020 3:18 PM | Clerk, by | | Deputy |
|---|---|---|---|---|
| *(Fecha)* | | *(Secretario)* | Joshua Teixeira | *(Adjunto)* |

*(For proof of service of this summons, use Proof of Service of Summons (form POS-010).)*
*(Para prueba de entrega de esta citatión use el formulario Proof of Service of Summons, (POS-010).)*

[SEAL]

**NOTICE TO THE PERSON SERVED:** You are served
1. ☐ as an individual defendant.
2. ☐ as the person sued under the fictitious name of *(specify):*
3. ☒ on behalf of *(specify):*  *Pfizer Inc*

    under: ☒ CCP 416.10 (corporation)       ☐ CCP 416.60 (minor)
    ☐ CCP 416.20 (defunct corporation)       ☐ CCP 416.70 (conservatee)
    ☐ CCP 416.40 (association or partnership)    ☐ CCP 416.90 (authorized person)
    ☐ other *(specify):*
4. ☒ by personal delivery on *(date)*  *7/16/(e*

| | |
|---|---|
| Form Adopted for Mandatory Use<br>Judicial Council of California<br>SUM-100 [Rev July 1, 2009] | **SUMMONS** | Code of Civil Procedure §§ 412.20, 465<br>www.courts.ca.gov |

Michael J. Dyer, SBN 109297
Dustin J. Dyer, SBN 274308
DYER LAW FIRM
5250 Claremont Ave., Suite 119
Stockton, CA 95207
mdyer@dyerlawfirm.com
ddyer@dyerlawfirm.com

Attorney for Plaintiff,
DAVID L. HOLCOMB, SR.

Electronically Filed
4/27/2020 3:18 PM
Superior Court of California
County of Stanislaus
Clerk of the Court
By: Joshua Teixeira, Deputy

$435 PAID

## SUPERIOR COURT OF THE STATE OF CALIFORNIA
## IN AND FOR THE COUNTY OF STANISLAUS

DAVID L. HOLCOMB

      Plaintiff,

vs.

PFIZER, INC. AND DOES 1-100,
INCLUSIVE,

      Defendants

Case No: CV-20-002190

**COMPLAINT FOR DAMAGES**
1. Negligence.
2. Breach of Express Warranty
3. Breach of Implied Warranty
4. Strict Products Liability for Manufacture and Design Defect and for Failure to Warn

**DEMAND FOR JURY TRIAL**

### GENERAL ALLEGATIONS

1.     This is an action for damages suffered by PLAINTIFF as a proximate result of Defendant's negligent and wrongful conduct in connection with the design, testing manufacturing, distribution and labeling of Lipitor (also known chemically as Atorvastatin Calcium).

2.     The above captioned Plaintiff David L. Holcomb, Sr. ("PLAINTIFF") is an individual who was initially prescribed the drug in 2018 but did not become aware of any damages resulting

This case has been assigned to Judge **Silveira, Marie Sovey**
Dept. 21
Department_____, for all purposes including Trial.

1

COMPLAINT FOR DAMAGES

from the prescription until within two years of the filing of the present litigation. PLAINTIFF at all relevant times periods was and is a resident of Stanislaus County, California.

3.      Defendant Pfizer, Inc. (hereinafter referred to as "Pfizer" or "DEFENDANT") is a corporation incorporated in the State of Delaware with their principal places of business in the State of New York. DEFENDANT does a substantial amount of business in Stanislaus County, including marketing and sales of the Lipitor and other drugs within the County. At all times Pfizer, Inc. designed, developed, tested, and assembled, manufactured, fabricated, packaged, labeled, prepared, recommended, merchandised, advertised, promoted, distributed, marketed, supplied, and/or sold, and thus placed into the stream of commerce the defective product, directly or indirectly, to members of the general public, including PLAINTIFF.

4.      DEFENDANTS distributed, marketed, and supplied and placed the defective drug into the stream of commerce in the State of California through their sales representatives.

5.      The true names and capacities of DEFENDANTS Does 1 through 100 are unknown to PLAINTIFF, who therefore sue by use of these fictitious names, and PLAINTIFF will seek leave of Court to amend this complaint to allege such names and capacities as soon as they are ascertained, or according to proof at the time of trial. Whenever PLAINTIFF refers to any act, deed or conduct of "DEFENDANTS," said references mean that Pfizer, Inc. and Does 1-100 engaged in the acts, deeds, or conduct by and through one or more of its officers, directors, agents, employees or representatives who are actively engaged in the management, direction, control or transaction of that Pfizer, Inc. and Does 1 through 100's ordinary business affairs.

6.      PLAINTIFF is informed and believes and thereon alleges that at all times relevant hereto each of these DEFENDANTS, including without limitation the Doe Defendants, was the agent, affiliate, officer, director, manager, principal, alter-ego and/or employee of the other DEFENDANTS and was at all times acting within the scope of such agency, affiliation, alter-ego relationship and/or employment and actively participated in, or subsequently ratified and adopted, or

both, each and all of the acts or conduct alleged herein, with full knowledge of all the facts and circumstances, including, but not limited to, full knowledge of each and all of the violations of PLAINTIFF rights and the damages to PLAINTIFF proximately caused thereby.

7.   PLAINTIFF is informed and believes and thereon alleges that DEFENDANTS regularly engaged in business in the State of California. At all times herein mentioned, Defendant was, and now is, a corporation doing business in the State of California.

8.   PLAINTIFF is informed and believes and thereon allege that DEFENDANTS Pfizer, Inc. and Does 1-100 sold and distributed the Lipitor in the above-named counties and throughout the State of California.

9.   Upon information and belief, at all relevant times, DEFENDANTS were present and transacted, solicited and conducted business in the County of Stanislaus, State of California through its employees, agents, and/or sales representatives.

10.   The injuries to PLAINTIFF were caused by the wrongful acts, omissions, and fraudulent misrepresentations of DEFENDANTS, which occurred within the State of California.

11.   PLAINTIFF is informed and believe that DEFENDANTS obtained approval from the United States Food and Drug Administration (FDA) to market the Lipitor.

12.   PLAINTIFF was prescribed Lipitor in the summer of 2018 by his primary care physician. After taking Lipitor for approximately 5 days, his primary care physician stated that his cholesterol levels were not high enough where PLAINTIFF needed to take Lipitor and instructed PLAINTIFF to discontinue use. Shortly after discontinuing use, PLAINTIFF was admitted to the hospital for an extended period and eventually was required to have his gallbladder removed (cholecystectomy) on July 19, 2018. It was not identified to PLAINTIFF that Lipitor contributed to the need for his gallbladder removal until after August of 2019.

COMPLAINT FOR DAMAGES

13.   In or about July of 2019, PLAINTIFF's primary care physician instructed PLAINTIFF to resume taking his Lipitor prescription. PLAINTIFF followed his doctor's advice and began taking the Lipitor prescription as directed.

14.   In or about the first two weeks of August 2019, PLAINTIFF began having reactions to Lipitor. The reactions began with PLAINTIFF being unsteady on his feet, with his legs experiencing significant pain and retaining fluids.

15.   PLAINTIFF went to the Sutter Health Clinic located at 600 Coffee Rd. in Modesto, California for treatment. At the clinic, PLAINTIFF had his blood drawn and labs conducted. The results indicated damage to both PLAINTIFF's kidneys and liver. After receiving the lab results, PLAINTIFF was instructed to discontinue use of Lipitor. PLAINTIFF followed the instructions and did discontinue use of Lipitor. Despite discontinuing use, PLAINTIFF's condition continued to deteriorate. PLAINTIFF ultimately became paralyzed from the waist down and his upper extremities began to feel heavy and were difficult to move.

16.   PLAINTIFF was admitted to Memorial Medical Center in Modesto, California on or about August 14, 2019. PLAINTIFF was diagnosed with statin induced rhabdomyolysis which caused significant deterioration to his muscles, edema, damage to liver and kidneys, and this inability to use his extremities. PLAINTIFF was treated at Memorial Medical Center until September 6, 2019. Plaintiff was unable to walk without the use of a walker until at least the end of September 2019. Plaintiff continues to have significant treatment including steroids and IV fluids.

17.   DEFENDANTS were aware of high rate of unexplained failures of Lipitor but did not provide this information to PLAINTIFF or PLAINTIFF'S physicians.

18.   After becoming aware of the defective nature of Lipitor, DEFENDANTS continued to market and sell Lipitor in California and throughout the county.

19.   DEFENDANTS misrepresented the safety and effectiveness of Lipitor to PLAINTIFF. The drug was defective, and DEFENDANT'S collective manufacture, sale, distribution and

4

promotion of the defective drug caused physical and emotional harm to PLAINTIFF as described herein.

20.     As a result of DEFENDANTS failure to provide this crucial information about the failure of the drug to PLAINTIFF or PLAINTIFF'S doctors, neither PLAINTIFF nor PLAINTIFF's doctors had reason to suspect that the source of PLAINTIFF's ongoing pain, illness and weakness was the result of the failure of Lipitor.

21.     As a direct and proximate result of DEFENDANTS Pfizer, Inc. and DOES 1 to 100 placing the defective drug into the stream of commerce and DEFENDANT's further failure to communicate their knowledge of the widespread failure of the drug, PLAINTIFF has suffered and continue to suffer both injuries and damages, including but not limited to past, present and future pain and suffering, disability, disfigurement, expenses for medical, hospital, monitoring, rehabilitative and pharmaceutical costs.

**FIRST CAUSE OF ACTION**
**(Negligence, against all Defendants)**

22.     PLAINTIFF repeats, re-alleges, and incorporates herein by reference each and every allegation contained in this Complaint as set forth in full herein.

23.     At all times herein mentioned, DEFENDANTS, and each of them, had a duty to properly design, manufacture, test, inspect, package, label distribute and market Lipitor

24.     At all times herein mentioned, DEFENDANTS, and each of them, knew, or in the exercise of reasonable care should have known, that Lipitor was a medical drug of such a nature that if it was not properly designed, manufactured, tested, inspected, packaged, labeled, distributed, and marketed for the use and purpose for which it was intended, it was likely to cause serious injury to individuals. Further, DEFENDANTS, and each of them, knew or in the exercise of reasonable care should have known, that a failure of Lipitor exposed each individual to the serious medical, physical and emotional consequences.

25.  DEFENDANTS, and each of them, so negligently and carelessly designed, manufactured, tested or failed to test, inspected or failed to inspect, packaged, labeled, distributed, recommend, displayed and sold said product that the product was a defective and dangerous product, and unsafe for the use and purpose for which it was intended when used and applied as recommended by the DEFENDANTS, and each of them.

26.  Because of the aforementioned negligence of the DEFENDANTS, each of them, in the design, manufacture, testing, inspection, packaging, labeling, distribution, recommendation, display, and sale of said product, said product caused extreme damage and pain to PLAINTIFF and required PLAINTIFF to undergo significant medical treatment.

27.  As a proximate result of the negligence of DEFENDATS, and each of them, PLAINTIFF suffered grievous personal injury.

28.  The requisite post-drug therapies and the full nature and extent of said injuries are ongoing and not fully known to PLAINTIFF at this time, but PLAINTIFF is informed and believe and therefore allege that said injuries are permanent by reason of the foregoing.

29.  As a further proximate result of the negligence of the DEFENDANTS, and each of them, PAINTIFF has incurred, and will continue to incur, medical, surgical and other related expenses, the full nature and extent and amount of which are not yet known to the PLAINTIFF, in an amount according to proof at trial.

### SECOND CAUSE OF ACTION
**(Breach of Express Warranty, against all Defendants)**

30.  PLAINTIFF repeats, re-alleges, and incorporates herein by reference each and every allegation contained in this Complaint as set forth in full herein.

31.  At all times herein mentioned, DEFENDANTS, and each of them, utilized advertising media to urge the use and consumption of Lipitor and expressly warranted to PLAINTIFFS and other members of the general public that Lipitor was effective, proper, and safe for its intended use.

6

32.     PLAINTIFF relied on the said express warranty representations of the DEFENDANTS, and each of them, in the use of Lipitor, and said representations became apart of the basis of the decision by PLAINTIFF and his physicians in selecting Lipitor for treatment.

33.     Said express warranty representations were false in that Lipitor has not been adequately designed, manufactured, or tested and was defective. As such, DEFENDANTS, and each of them, thereby breached said warranty.

34.     As a proximate result of said effects in said product, resulting in the breach of express warranty of DEFENDANTS, and each of them, as alleged above, PLAINTIFF suffered grievous personal injury.

35.     As a proximate result of said defects Lipitor resulting in the breach of express warranty of DEFENDANTS, and each of them, as alleged above, PLAINTIFF has incurred, and will continue to incur, medical, surgical and other related expenses, the full nature and extent and amount of which are not yet known to the PLAINTIFF, in an amount according to proof at trial. PLAINTIFF is informed and believe and therefore allege that said injuries are permanent.

### THIRD CAUSE OF ACTION
**(Breach of Implied Warranty, against all Defendants)**

36.     PLAINTIFF repeats, re-alleges, and incorporates herein by reference each and every allegation contained in this Complaint as set forth in full herein.

37.     Prior to and at the time the DEFENDANTS sold Lipitor to PLAINTIFF and prior to the time PLAINITFF was prescribed Lipitor, DEFENDANTS, and each of them, impliedly warranted to PLAINTIFF that Lipitor were of merchantable quality and safe for the use for which it was intended by the DEFENDANTS, namely a safe treatment for cholesterol.

38.     DEFENDANTS relied on the safety and merchantability of the product created and sold by DEFENDANTS, and each of them, when selecting and selling Lipitor. PLAINTIFF used the product in a foreseeable and intended manner.

7

39.   Lipitor was not safe for its intended use, or of merchantable quality as warranted by the DEFENDANTS.

40.   Lipitor caused severe and grievous injuries to PLAINTIFF, subjecting PLAINTIFF to great pain and injury throughout his body.

41.   As a result of the defects in Lipitor and the breach of implied warranty of DEFENDANTS, as alleged above, PLAINTIFFS suffered grievous personal injury. PLAINTIFF had to suffer for a period of months or years.

42.   As a result of said defects in said product and the breach of implied warranty of DEFENDANTS, as alleged above, PLAINTIFF has incurred, and will continue to incur, medical, surgical, and other related expenses, the full nature and extent and amount of which are not yet known to the PLAINTIFF, in an amount according to the proof at trial.

## FOURTH CAUSE OF ACTION
**(Strict Products Liability for Manufacture and Design Defects and Failure to warn, against All DEFENDANTS)**

43.   PLAINTIFF repeats, realleges, and incorporates herein by reference each and every allegation contained in this Complaint as set forth in full herein.

44.   At all times mentioned herein, DEFENDANTS, and each of them, designed, manufactured, assembled, tested, inspected, maintained, distributed, marketed, promoted, advertised, and/or sold Lipitor to PLAINTIFF for use by patients including PLAINTIFF, and physicians and hospitals in treating members of the general public. DEFENDANTS, and each of them, also designed, manufactured, assembled, tested, inspected, maintained, distributed, marketed, promoted, advertised, and/or sold the labeling and instructions for Lipitor by PLAINTIFF for use by patients, including PLAINTIFF, and physicians and hospitals in treating members of the general public.

45.   At all times mentioned herein, DEFENDANTS, and each of them, knew, or in the exercise of ordinary and reasonable care should have known, that Lipitor, its labeling and instructions were a product of such a nature that if they were not properly designed, manufactured, assembled,

8

compounded, tested, inspected, fabricated, constructed, analyzed, distributed, serviced, merchandized, recommended, advertised, promoted, marketed and sold for the use and purpose for which they were intended, they were likely to injure the person or persons upon whom they were used.

46.    At the time of the PLAINTIFF'S use of Lipitor, he was using Lipitor for the purpose for which it was intended and the way it was intended to be used. After being prescribed Lipitor, PLAINTIFF used Lipitor in a manner for which it was reasonably foreseeable that it would be used. DEFENDANTS knew that the patients, including PLAINTIFF, would use Lipitor without being able to inspect them or become aware of its defective nature. PLAINTIFF did not know and had no reason to suspect or know that Lipitor were defective and unsafe for use.

47.    Lipitor, its labeling, and its instructions were defective at the time of its design, manufacture, testing, production, inspection, sale and distribution, including lack of warnings or adequate consumer information at the time it was placed in the stream of commerce. The products instructions and direction for implantation failed to warn of the dangerous propensities of the said product, which risks were known or reasonable scientifically knowable to DEFENDANTS. The DEFENDANTS, and each of them, know or should have known of the defective condition, characteristics, and risks associated with said product, as previously set forth herein.

48.    Specifically, DEFENDANTS knew or should have known that Lipitor was defective.

49.    Lipitor was ingested by PLAINTIFF without substantial change in the condition in which it was sold.

50.    DEFENDANTS, and each of them, failed to warn consumers in general, PLAINTIFF or PLAINTIFF'S physicians of the risk of Lipitor.

51.    As a result of the defect of Lipitor, PLAINTIFF suffered serious injury and pain.

9

52.    PLAINTIFF has incurred, and will continue to incur, medical and surgical expenses, loss of earnings and earning capacity, and other related expenses, the full nature and extent and amount of which are not yet known to the PLAINTIFF, in an amount according to proof at trial.

53.    PLAINTIFF is informed and believe that DEFENDANTS, and each of them, knew that Lipitor had a higher than normal risk of failure for a similarly designed and manufactured medical drugs when used for the purpose for which the DEFENDANTS foreseeably intended it to be used, and that DEFENDANTS had prior notice and knowledge from several sources that Lipitor presented a foreseeable risk of harm to PLAINTIFF and the general public. DEFENDANTS, and each of them, acted with malice, fraud, or oppression towards the PLAINTIFF in allowing a dangerous product to be used by members of the public without proper warning of the unreasonable risk of failure. As such, DEFENDANTS, and each of them, engaged in despicable conduct with a conscious disregard for the rights or safety or others; and subjected the PLAINTIFF to cruel and unjust hardship and physical pain with a conscious disregard of his rights. DEFENDANTS, and each of them knew or should have know of the probable harmful consequences of its wrongful acts in manufacturing and distributing a defectively designed product, and willfully and deliberately failed to act to avoid those consequences.

54.    As a result of DEFENDANTS' conduct as alleged herein, PLAINTIFF is entitled to exemplary and punitive damages.

WHEREFORE, Plaintiff prays for judgement against each DEFENDANT as follows:

1.    For past and future general damages, according to proof;

2.    For past and future medical and incidental expenses, according to proof;

3.    For past and future loss of earnings and/or earning capacity, according to proof;

4.    For future medical monitoring costs, according to proof;

5.    For punitive and exemplary damages in a n amount to be determined at trial;

COMPLAINT FOR DAMAGES

6. For prejudgment interest on all damages as is allowed by the laws of the State of California;

7. For past and future mental and emotional distress, according to proof;

8. For past and future costs of suit incurred herein;

9. For a disgorgement of profits, according to proof; and

10. For such other and further relief as the Court deems just and proper.


Dated: April 27, 2020                          By:

                                               MICHAEL J. DYER
                                               DUSTIN J. DYER
                                               Attorney for Plaintiff

COMPLAINT FOR DAMAGES

SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS

| DAVID I. HOLCOMB | vs. | PFIZER INC. |
|---|---|---|
| Plaintiff | | Defendant |

MNUTE ORDER RE: Resetting the Case Management Conference Hearing.

Case No.: CV-20-002190

| JUDGE: MARIE SOVEY SILVEIRA | Bailiff: None | Date: June 22, 2020 |
|---|---|---|
| Clerk: J. Crawford | Reporter: None | Modesto, California |

Appearances: None.

The Case Management Conference hearing was inadvertently set on a date in which Department 21 is dark.

IT IS HEREBY ORDERED,

Therefore, the Case Management Conference set for August 31, 2020 is vacated. The Case Management Conference is re-set to **October 26, 2020 at 3:00 p.m. in Department 21.**

**MINUTE ORDER**

PROOF OF SERVICE BY MAIL
[1013a(3) C.C.P.]

**STATE OF CALIFORNIA** )
                        )   SS
**COUNTY OF STANISLAUS**)

I am over the age of 18 years and employed by the Superior Court of the
State of California, County of Stanislaus, and not a party to the within
action.   I certify that I served a copy of the attached **MINUTE ORDER** by
placing said copy in an envelope addressed to the following:

Michael J. Dyer, Esq.
DYER LAW FIRM
5250 Claremont Avenue, Suite 119
Stockton, CA 95207

Said envelope was then sealed and postage thereon fully prepaid, and
thereafter was on June 22, 2020 deposited in the United States mail at
Modesto, California.   That there is delivery service by United States mail
at the place so addressed, or regular communication by United States mail
between the place of mailing and the place so addressed.

I declare under penalty of perjury that the foregoing is true and correct.

Executed on June 22, 2020 at Modesto, California

SUPERIOR COURT OF THE STATE OF CALIFORNIA
IN AND FOR THE COUNTY OF STANISLAUS

By _____
     Julie Crawford, Deputy Clerk

CM-010

| ATTORNEY OR PARTY WITHOUT ATTORNEY *(Name, State Bar number, and address):* | FOR COURT USE ONLY |
|---|---|
| Dustin J. Dyer SBN 274308<br>Dyer Law Firm<br>5250 Claremont Ave. Ste. 119 Stockton, CA 95207<br><br>TELEPHONE NO.: 209-472-3668   FAX NO. *(Optional):* 209-472-3675<br>ATTORNEY FOR *(Name):* DAVID L. HOLCOMB, SR. | **Electronically Filed**<br>**4/27/2020 3:18 PM**<br>**Superior Court of California**<br>**County of Stanislaus**<br>**Clerk of the Court**<br>**By: Joshua Teixeira, Deputy** |

SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS
STREET ADDRESS: 801 10TH ST. 4TH FLOOR
MAILING ADDRESS:
CITY AND ZIP CODE: MODESTO, CA 95354
BRANCH NAME: CITY TOWERS

CASE NAME:
HOLCOMB V. PFIZER, INC. AND DOES 1 TO 100

| CIVIL CASE COVER SHEET | Complex Case Designation | CASE NUMBER: |
|---|---|---|
| [x] Unlimited    [ ] Limited<br>(Amount          (Amount<br>demanded         demanded is<br>exceeds $25,000)  $25,000) | [ ] Counter   [ ] Joinder<br>Filed with first appearance by defendant<br>(Cal. Rules of Court, rule 3.402) | CV-20-002190 |
| | | JUDGE: |
| | | DEPT: |

*Items 1–6 below must be completed (see instructions on page 2).*

1. Check one box below for the case type that best describes this case:

**Auto Tort**
- [ ] Auto (22)
- [ ] Uninsured motorist (46)

**Other PI/PD/WD (Personal Injury/Property Damage/Wrongful Death) Tort**
- [ ] Asbestos (04)
- [x] Product liability (24)
- [ ] Medical malpractice (45)
- [ ] Other PI/PD/WD (23)

**Non-PI/PD/WD (Other) Tort**
- [ ] Business tort/unfair business practice (07)
- [ ] Civil rights (08)
- [ ] Defamation (13)
- [ ] Fraud (16)
- [ ] Intellectual property (19)
- [ ] Professional negligence (25)
- [ ] Other non-PI/PD/WD tort (35)

**Employment**
- [ ] Wrongful termination (36)
- [ ] Other employment (15)

**Contract**
- [ ] Breach of contract/warranty (06)
- [ ] Rule 3.740 collections (09)
- [ ] Other collections (09)
- [ ] Insurance coverage (18)
- [ ] Other contract (37)

**Real Property**
- [ ] Eminent domain/Inverse condemnation (14)
- [ ] Wrongful eviction (33)
- [ ] Other real property (26)

**Unlawful Detainer**
- [ ] Commercial (31)
- [ ] Residential (32)
- [ ] Drugs (38)

**Judicial Review**
- [ ] Asset forfeiture (05)
- [ ] Petition re: arbitration award (11)
- [ ] Writ of mandate (02)
- [ ] Other judicial review (39)

**Provisionally Complex Civil Litigation (Cal. Rules of Court, rules 3.400–3.403)**
- [ ] Antitrust/Trade regulation (03)
- [ ] Construction defect (10)
- [ ] Mass tort (40)
- [ ] Securities litigation (28)
- [ ] Environmental/Toxic tort (30)
- [ ] Insurance coverage claims arising from the above listed provisionally complex case types (41)

**Enforcement of Judgment**
- [ ] Enforcement of judgment (20)

**Miscellaneous Civil Complaint**
- [ ] RICO (27)
- [ ] Other complaint *(not specified above)* (42)

**Miscellaneous Civil Petition**
- [ ] Partnership and corporate governance (21)
- [ ] Other petition *(not specified above)* (43)

2. This case [ ] is  [x] is not  complex under rule 3.400 of the California Rules of Court. If the case is complex, mark the factors requiring exceptional judicial management:
   a. [ ] Large number of separately represented parties
   b. [ ] Extensive motion practice raising difficult or novel issues that will be time-consuming to resolve
   c. [ ] Substantial amount of documentary evidence
   d. [ ] Large number of witnesses
   e. [ ] Coordination with related actions pending in one or more courts in other counties, states, or countries, or in a federal court
   f. [ ] Substantial postjudgment judicial supervision

3. Remedies sought *(check all that apply):* a. [x] monetary  b. [ ] nonmonetary; declaratory or injunctive relief  c. [x] punitive

4. Number of causes of action *(specify):* NEGLIGENCE; BREACH OF EXPRESS/IMPLIED WARRANTY; STRICT PRODUCT LIAB

5. This case [ ] is  [x] is not  a class action suit.

6. If there are any known related cases, file and serve a notice of related case. *(You may use form CM-015.)*

Date: APRIL 27, 2020

DUSTIN J. DYER
_____          _____
(TYPE OR PRINT NAME)                         (SIGNATURE OF PARTY OR ATTORNEY FOR PARTY)

**NOTICE**
- Plaintiff must file this cover sheet with the first paper filed in the action or proceeding (except small claims cases or cases filed under the Probate Code, Family Code, or Welfare and Institutions Code). (Cal. Rules of Court, rule 3.220.) Failure to file may result in sanctions.
- File this cover sheet in addition to any cover sheet required by local court rule.
- If this case is complex under rule 3.400 et seq. of the California Rules of Court, you must serve a copy of this cover sheet on all other parties to the action or proceeding.
- Unless this is a collections case under rule 3.740 or a complex case, this cover sheet will be used for statistical purposes only.

Page 1 of 2

Form Adopted for Mandatory Use<br>Judicial Council of California<br>CM-010 [Rev. July 1, 2007]

CIVIL CASE COVER SHEET

Cal. Rules of Court, rules 2.30, 3.220, 3.400–3.403, 3.740;<br>Cal. Standards of Judicial Administration, std. 3.10<br>www.courts.ca.gov

**INSTRUCTIONS ON HOW TO COMPLETE THE COVER SHEET**     CM-010

**To Plaintiffs and Others Filing First Papers.** If you are filing a first paper (for example, a complaint) in a civil case, you **must** complete and file, along with your first paper, the Civil Case Cover Sheet contained on page 1. This information will be used to compile statistics about the types and numbers of cases filed. You must complete items 1 through 6 on the sheet. In item 1, you must check **one** box for the case type that best describes the case. If the case fits both a general and a more specific type of case listed in item 1, check the more specific one. If the case has multiple causes of action, check the box that best indicates the **primary** cause of action. To assist you in completing the sheet, examples of the cases that belong under each case type in item 1 are provided below. A cover sheet must be filed only with your initial paper. Failure to file a cover sheet with the first paper filed in a civil case may subject a party, its counsel, or both to sanctions under rules 2.30 and 3.220 of the California Rules of Court.

**To Parties in Rule 3.740 Collections Cases.** A "collections case" under rule 3.740 is defined as an action for recovery of money owed in a sum stated to be certain that is not more than $25,000, exclusive of interest and attorney's fees, arising from a transaction in which property, services, or money was acquired on credit. A collections case does not include an action seeking the following: (1) tort damages, (2) punitive damages, (3) recovery of real property, (4) recovery of personal property, or (5) a prejudgment writ of attachment. The identification of a case as a rule 3.740 collections case on this form means that it will be exempt from the general time-for-service requirements and case management rules, unless a defendant files a responsive pleading. A rule 3.740 collections case will be subject to the requirements for service and obtaining a judgment in rule 3.740.

**To Parties in Complex Cases.** In complex cases only, parties must also use the Civil Case Cover Sheet to designate whether the case is complex. If a plaintiff believes the case is complex under rule 3.400 of the California Rules of Court, this must be indicated by completing the appropriate boxes in items 1 and 2. If a plaintiff designates a case as complex, the cover sheet must be served with the complaint on all parties to the action. A defendant may file and serve no later than the time of its first appearance a joinder in the plaintiff's designation, a counter-designation that the case is not complex, or, if the plaintiff has made no designation, a designation that the case is complex.

**CASE TYPES AND EXAMPLES**

**Auto Tort**
Auto (22)–Personal Injury/Property Damage/Wrongful Death
Uninsured Motorist (46) *(if the case involves an uninsured motorist claim subject to arbitration, check this item instead of Auto)*

**Other PI/PD/WD (Personal Injury/ Property Damage/Wrongful Death) Tort**
Asbestos (04)
  Asbestos Property Damage
  Asbestos Personal Injury/ Wrongful Death
Product Liability *(not asbestos or toxic/environmental)* (24)
Medical Malpractice (45)
  Medical Malpractice– Physicians & Surgeons
  Other Professional Health Care Malpractice
Other PI/PD/WD (23)
  Premises Liability (e.g., slip and fall)
  Intentional Bodily Injury/PD/WD (e.g., assault, vandalism)
  Intentional Infliction of Emotional Distress
  Negligent Infliction of Emotional Distress
  Other PI/PD/WD

**Non-PI/PD/WD (Other) Tort**
Business Tort/Unfair Business Practice (07)
Civil Rights (e.g., discrimination, false arrest) *(not civil harassment)* (08)
Defamation (e.g., slander, libel) (13)
Fraud (16)
Intellectual Property (19)
Professional Negligence (25)
  Legal Malpractice
  Other Professional Malpractice *(not medical or legal)*
Other Non-PI/PD/WD Tort (35)

**Employment**
Wrongful Termination (36)
Other Employment (15)

**Contract**
Breach of Contract/Warranty (06)
  Breach of Rental/Lease Contract *(not unlawful detainer or wrongful eviction)*
  Contract/Warranty Breach–Seller Plaintiff *(not fraud or negligence)*
  Negligent Breach of Contract/ Warranty
  Other Breach of Contract/Warranty
Collections (e.g., money owed, open book accounts) (09)
  Collection Case–Seller Plaintiff
  Other Promissory Note/Collections Case
Insurance Coverage *(not provisionally complex)* (18)
  Auto Subrogation
  Other Coverage
Other Contract (37)
  Contractual Fraud
  Other Contract Dispute

**Real Property**
Eminent Domain/Inverse Condemnation (14)
Wrongful Eviction (33)
Other Real Property (e.g., quiet title) (26)
  Writ of Possession of Real Property
  Mortgage Foreclosure
  Quiet Title
  Other Real Property *(not eminent domain, landlord/tenant, or foreclosure)*

**Unlawful Detainer**
Commercial (31)
Residential (32)
Drugs (38) *(if the case involves illegal drugs, check this item; otherwise, report as Commercial or Residential)*

**Judicial Review**
Asset Forfeiture (05)
Petition Re: Arbitration Award (11)
Writ of Mandate (02)
  Writ–Administrative Mandamus
  Writ–Mandamus on Limited Court Case Matter
  Writ–Other Limited Court Case Review
Other Judicial Review (39)
  Review of Health Officer Order
  Notice of Appeal–Labor Commissioner Appeals

**Provisionally Complex Civil Litigation (Cal. Rules of Court Rules 3.400–3.403)**
Antitrust/Trade Regulation (03)
Construction Defect (10)
Claims Involving Mass Tort (40)
Securities Litigation (28)
Environmental/Toxic Tort (30)
Insurance Coverage Claims *(arising from provisionally complex case type listed above)* (41)

**Enforcement of Judgment**
Enforcement of Judgment (20)
  Abstract of Judgment (Out of County)
  Confession of Judgment *(non-domestic relations)*
  Sister State Judgment
  Administrative Agency Award *(not unpaid taxes)*
  Petition/Certification of Entry of Judgment on Unpaid Taxes
  Other Enforcement of Judgment Case

**Miscellaneous Civil Complaint**
RICO (27)
Other Complaint *(not specified above)* (42)
  Declaratory Relief Only
  Injunctive Relief Only *(non-harassment)*
  Mechanics Lien
  Other Commercial Complaint Case *(non-tort/non-complex)*
  Other Civil Complaint *(non-tort/non-complex)*

**Miscellaneous Civil Petition**
Partnership and Corporate Governance (21)
Other Petition *(not specified above)* (43)
  Civil Harassment
  Workplace Violence
  Elder/Dependent Adult Abuse
  Election Contest
  Petition for Name Change
  Petition for Relief From Late Claim
  Other Civil Petition

| ATTORNEY OR PARTY WITHOUT ATTORNEY (NAME, ADDRESS, PHONE, BAR NUMBER)<br>Michael J. Dyer - SBN 109297; Dustin J. Dyer - SBN 274308<br>Dyer Law Firm<br>5250 Claremont Ave., Suite 119<br>Stockton, CA 95250<br>Tel. (209) 472-3668<br>Attorney for:  Plaintiff DAVID L. HOLCOMB, SR. | FOR COURT USE ONLY<br>Electronically Filed<br>4/27/2020 3:18 PM<br>Superior Court of California<br>County of Stanislaus<br>Clerk of the Court<br>By: Joshua Teixeira, Deputy |
|---|---|
| SUPERIOR COURT OF CALIFORNIA, COUNTY OF STANISLAUS<br>Street Address:    City Towers Bldg., 801 10th St, 4th Floor, Modesto, CA 95354<br>Civil Clerk's Office: 801 10th Street, 4th Floor, Modesto, CA. 95354 | |
| Plaintiff/Petitioner: David L. Holcomb, Sr.<br>Defendant/Respondent:  Pfizer, Inc, et al | |
| NOTICE OF CASE MANAGEMENT CONFERENCE | CASE NUMBER<br>CV-20-002190 |

1.  NOTICE is given that a **Case Management Conference** has been scheduled as follows:

Hearing: 8/31/2020 3:00 PM

Date:_____ Time:_____ AM/PM

This case is assigned to Judge ___ **Silveira, Marie Sovey** ___ , Dept Dept. 21 ___ , for all purposes, including trial.

        *Departments 21 & 22 are located at 801 10th Street, 6th Floor, Modesto, CA 95354

        *Departments 23 & 24 are located at 801 10th Street, 4th Floor, Modesto, CA  95354

        **All filings shall be filed in the Clerk's Office at the City Towers, 4th Floor address.**

...........................................................................................................................................................

    **You have 30 calendar days to file a written response with this court after the legal papers and the summons**

    **were served on you.  You must also serve a copy of your written response on the plaintiff.**

2.  You must file and serve a completed *Case Management Conference Statement* at least **fifteen (15) calendar days** before the case management conference.

3.  You must be familiar with the case and be fully prepared to participate effectively in the case management conference.

4.  At the case management conference the Court may make pretrial orders, including the following:

    a.  An order establishing a discovery schedule.

    b.  An order referring the case to arbitration.

    c.  An order dismissing fictitious defendants.

    d.  An order scheduling exchange of expert witness information.

    e.  An order setting subsequent conferences and the trial date.

    f.  Other orders to achieve the goals of the Trial Court Delay Reduction Act (Gov. Code, § 68600 et seq.).

Date: 4/27/2020 3:18 PM     by _____ Deputy Clerk

                                               Joshua Teixeira

| CV003<br>Mandatory<br>Form | **--SANCTIONS--**<br>If you do not file the *Case Management Statement* required by local rule, or attend the case management conference or participate effectively in the conference, the court may impose sanctions (including dismissal of the case, striking of the answer, and payment of money). |
|---|---|

11/10

**Rule 3.110.  Time for Service of Complaint, Cross-Complaint, and Response**

(a) [Application] This rule applies to the service of pleadings in civil cases except for collection cases under Rule 3.740 (a), Unlawful detainer actions, proceedings, under the Family Code, and other proceedings for which different service requirements are prescribed by law.

(b) [Service of complaint]  The complaint must be served on all named defendants and proofs of service on those defendants must be filed with the court within 60 days after the filing of the complaint.  When the complaint is amended to add a defendant, the added defendant must be served and proof of service must be filed within 30 days after the filing of the amended complaint.

(c) [Service of cross-complaint]  A cross-complaint against a party who has appeared in the action must be accompanied by proof of service of the cross-complaint at the time it is filed.  If the cross-complaint adds new parties, the cross-complaint must be served on all parties and proofs of service on the new parties must be filed within 30 days of the filing of the cross-complaint.

(d) [Timing of responsive pleadings]  The parties may stipulate without leave of court to one 15-day extension beyond the 30-day time period prescribed for the response after service of the initial complaint.

(e) [Modification of timing: application for order extending time]  The court, on its own motion or on the application of a party, may extend or otherwise modify the times provided in (b) - (d).  An application for a court order extending the time to serve a pleading must be filed before the time for service has elapsed.  The application must be accompanied by a declaration showing why service has not been completed, documenting the efforts that have been made to complete service, and specifying the date by which service is proposed to be completed.

(f) [Failure to serve]  If a party fails to serve and file pleadings as required under this rule, and has not obtained an order extending time to serve its pleadings, the court may issue an Order to Show Cause why sanctions shall not be imposed.

(g) [Request for entry of default]  If a responsive pleading is not served within the time limits specified in this rule and no extension of time has been granted, the plaintiff must file a request for entry of default within 10 days after the time for service has elapsed.  The court may issue an Order to Show Cause why sanctions should not be imposed if the plaintiff fails to timely file the request for the entry of default.

(h) [Default judgment]  When a default is entered, the party who requested the entry of default must obtain a default judgment against the defaulting party within 45 days after the default was entered, unless the court has granted an extension of time.  The court may issue an Order to Show Cause why sanctions should not be imposed if that party fails to obtain entry of judgment against a defaulting party or to request an extension of time to apply for a default judgment within that time.

(i) [Order to Show Cause]  Responsive papers to an Order to Show Cause issued under this rule must be filed and served at least 5 calendar days before the hearing.

CV003
Mandatory
Form

# EXHIBIT 2

## Case Information

CV-20-002190 | HOLCOMB, DAVID L vs PFIZER INC

| Case Number | Court | Judicial Officer |
|---|---|---|
| CV-20-002190 | Civil Unlimited | Silveira, Marie Sovey |
| File Date | Case Type | Case Status |
| 04/27/2020 | Product Liability: Unlimited | Open |

## Party

Plaintiff
HOLCOMB, DAVID L

Active Attorneys ▾
Lead Attorney
DYER, DUSTIN J,
Esq.
Retained

Defendant
PFIZER INC

## Events and Hearings

| 04/27/2020 Summons Issued / Filed |
|---|
| 04/27/2020 Civil Case Cover Sheet - Plaintiff(s) |

04/27/2020 Complaint

04/27/2020 Notice of Case Management Conference

07/20/2020 Proof of Service of Summons - Personal Service

08/31/2020 Case Management Conference ▼

Judicial Officer
**Silveira, Marie Sovey**

Hearing Time
**3:00 PM**

Cancel Reason
**Vacated**

10/26/2020 Case Management Conference ▼

Judicial Officer
**Silveira, Marie Sovey**

Hearing Time
**3:00 PM**

# Financial

HOLCOMB, DAVID L

| | | | | |
|---|---|---|---|---|
| Total Financial Assessment | | | | $435.00 |
| Total Payments and Credits | | | | $435.00 |
| 4/28/2020 | Transaction Assessment | | | $435.00 |
| 4/28/2020 | eFile Payment | Receipt # CV-2020-00006633 | HOLCOMB, DAVID L | ($435.00) |